**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4802**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JAMAL PULLEY,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Deborah K. Chasanow, Senior District Judge.  (8:01-cr-00439-DKC-1)

———————

Submitted:  June 29, 2015          Decided:  July 31, 2015

———————

Before WILKINSON and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Meghan Skelton, Appellate Attorney, Greenbelt, Maryland, for Appellant.   Rod J. Rosenstein, United States Attorney, Thomas P. Windom, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamal Pulley was sentenced to 54 months' imprisonment, to be followed by a 3-year term of supervised release, after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). Upon release from imprisonment, Pulley violated his terms of supervision and the district court revoked his supervised release, sentenced him to time served, and reimposed two years of supervised release. During this second period of supervision, the district court found that Pulley again violated his terms of supervision by (1) failing to report to the probation office within 72 hours of his release from custody, (2) leaving the district without permission, and (3) committing new offenses. The district court sentenced Pulley to 17 months' imprisonment to be followed by 18 months' supervised release. On appeal, Pulley argues that the district court violated Fed. R. Crim. P. 32.1(b)(2)(C) and his rights to due process and confrontation by admitting hearsay evidence to prove that he committed new offenses and failed to self-surrender on outstanding charges. We affirm.

We review a district court's ruling to admit hearsay evidence during a supervised release hearing for an abuse of discretion. United States v. Ferguson, 752 F.3d 613, 616 (4th Cir. 2014). "Supervised release revocation hearings are informal proceedings in which the rules of evidence, including

2

those pertaining to hearsay, need not be strictly applied." United States v. Doswell, 670 F.3d 526, 530 (4th Cir. 2012). However, due process affords a releasee a limited right "to confront and cross-examine adverse witnesses" at a revocation hearing "unless the hearing officer specifically finds good cause for not allowing confrontation." Morrissey v. Brewer, 408 U.S. 471, 489 (1972). Prior to admitting hearsay evidence in a revocation hearing, "the district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation." Doswell, 670 F.3d at 530. Further, the due process guarantee is embodied in the procedural rule that a releasee is "entitled to . . . question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(C). However, evidentiary rulings are subject to harmless error review, such that any error is harmless if we conclude "that the error had no substantial and injurious effect or influence on the outcome . . . ." Ferguson, 752 F.3d at 618 (internal quotation marks omitted).

Regardless of whether the hearsay evidence was properly admitted, we hold that any alleged error was harmless. Pulley does not contend that the district court lacked sufficient grounds to revoke his supervised release, or that he should not

3

have served a term of imprisonment, or even that his sentence was plainly unreasonable. Rather, Pulley argues that the district court improperly assessed a Grade B violation instead of a Grade C violation against him because it relied on hearsay evidence to show that Pulley committed new offenses while on supervision. See U.S. Sentencing Guidelines Manual, § 7B1.1(a) (2013). The district court, however, explicitly stated that it would impose the same sentence against Pulley even if it did not think he had committed the new offenses, based on Pulley's admitted failure to report to the probation office after his first revocation hearing. We accordingly conclude that any evidentiary error was harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4